**EXHIBIT – A**


## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| MARY WOESSNER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a foreign profit corporation, licensed to do and doing business in the State of Washington,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff, Mary Woessner, by and through her attorney of record, Jason Murphy of Driggs, Bills & Day, PLLC, and for cause of action against defendant Home Depot U.S.A., Inc., complains and alleges as follows:

### I.     IDENTIFICATION OF PLAINTIFF

1.1     Plaintiff Mary Woessner was at all times relevant hereto a resident of King County, Washington.

### II.     IDENTIFICATION OF DEFENDANT(S)

2.1     Defendant Home Depot U.S.A., Inc., a foreign company, was at all times material and relevant hereto licensed to do, and doing business in the State of Washington.

COMPLAINT - 1

DRIGGS BILLS & DAY, PLLC
2125 Western Avenue, Suite 500
Seattle, WA 98121
(206) 607-9098 • FAX (206) 641-3214

### III. JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

3.1 The incident that is the subject of this litigation occurred in King County, Washington. Venue is proper pursuant to RCW 4.12.020(3).

3.2 These actions were commenced within the time permitted by the applicable statute of limitations.

3.3 Any and all claim notices have been properly filed and served, and any applicable waiting period has expired since the date of filing and service of the complaint.

3.4 Defendant acknowledges that they have been properly served with the Summons and Complaint in this matter.

### IV. FACTS

4.1 <u>Date</u>: Plaintiff Mary Woessner's injuries arise out of a slip and fall that occurred on or about December 20, 2020.

4.2 <u>Location</u>: The incident occurred at Home Depot Store #4722 located at 26120 104th Ave SE, Kent, King County, Washington.

4.3 <u>Details</u>: On December 20, 2020, the Plaintiff was walking inside Home Depot Store #4722 when she slipped and fell resulting in personal injury and other damages to Plaintiff.

4.4 <u>Details</u>: There were no warning signs of a hazard at the premises of the incident.

4.5 <u>Details</u>: The property was at all times relevant and material hereto, owned, run and managed by Defendant.

//

//

//

COMPLAINT - 2

DRIGGS BILLS & DAY, PLLC
2125 Western Avenue, Suite 500
Seattle, WA 98121
(206) 607-9098 • FAX (206) 641-3214

## V. NEGLIGENCE

5.1 <u>Duty</u>: On the date of the Plaintiff's fall, the common areas, were under the ownership, control, supervision, management, care and maintenance of the Defendant.

5.2 <u>Negligence</u>: Defendant, through common law, statute, regulation and/or ordinance owed Plaintiff a duty to keep the common areas of its property safe and properly maintained for the benefit of customers. Defendant also had the duty to:

(a) Provide safe and adequate maintenance of the premises and grounds;

(b) Provide its customers with warnings regarding unsafe areas and hidden dangers;

(c) Have a system to provide warnings to customers by roping off, taping off and/ or utilizing safety cones to mark unsafe areas and hidden dangers;

(d) Have a system in place to inspect the premises for unsafe conditions;

(e) Have a policy of supervising employees, independent contractors and vendors to ensure that they are complying with all premises safety guidelines and all other state and local safety regulations and statues;

(f) Inspect the premises of unsafe conditions once its employees become aware or should have become aware of unsafe conditions; and,

(g) Ensure that common areas used by customers are designed, installed and maintained to prevent slips and falls.

5.3 <u>No Contributory Negligence</u>: Plaintiff's actions were reasonable, legal and safe. As such, plaintiff was not comparatively at fault or contributory negligent for their slip and fall resulting damages.

5.4 <u>Breach</u>: Defendants breached their duties as set forth in paragraphs 5.2.

COMPLAINT - 3

DRIGGS BILLS & DAY, PLLC
2125 Western Avenue, Suite 500
Seattle, WA 98121
(206) 607-9098 • FAX (206) 641-3214

5.5 <u>Proximate Cause</u>: As a direct and proximate cause of Defendant's breach of duties Plaintiff suffered personal injuries.

## VI. DAMAGES

6.1 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered severe physical injuries and Plaintiff is entitled to fair and reasonable compensation.

6.2 As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred and may in the future incur medical expenses and other out-of-pocket expenses and Plaintiff is entitled to fair and reasonable compensation.

6.3 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and may continue to suffer physical pain and suffering, and Plaintiff is entitled to fair and reasonable compensation.

6.4 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered general damages including but not limited to, loss of enjoyment of life and permanency of injury and Plaintiff is entitled to fair and reasonable compensation.

6.5 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered economic loss, including but not limited to, past and future wage loss and is entitled to fair and reasonable compensation.

6.6 Plaintiff is entitled to reasonable attorney fees.

6.7 Plaintiff is entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this complaint.

6.8 Plaintiff is entitled to costs and disbursements herein.

//

//

COMPLAINT - 4

DRIGGS BILLS & DAY, PLLC
2125 Western Avenue, Suite 500
Seattle, WA 98121
(206) 607-9098 • FAX (206) 641-3214

## VII. LIMITED WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

Pursuant to RCW 5.60.060(4)(b) and the provisions of the Uniform Health Care Information Act, RCW 42.17 and RCW Chapter 70, plaintiff hereby waives the physician-patient privilege only after 90 days, and insofar as necessary to place any and all alleged damages at issue at time of trial, as might be required by any act or statute or case law interpreting said statutes or acts in the State of Washington. This limited waiver does not constitute a waiver of any of the plaintiff's constitutional or statutory rights and defendants are not to contact any treating physician, past, present, or future, without first notifying counsel for plaintiff, as required by and in compliance with the Uniform Health Care Information Act, so that they might bring the matter to the attention of the Court and secure appropriate relief to include limitations and restrictions upon any such defendant's desire or intent to contact past or subsequent treating physicians ex parte, or otherwise. Plaintiff further state that Loudon v. Mhyre, 110 Wn.2d 675, 756 P.2d 138 (1988) and Kime v. Niemann, 64 Wn.2d 394 (1964), are the correct law governing waiver of physician-patient privilege in this state, and that the Uniform Health Care Information Act, RCW 42.17 and RCW Chapter 70 sets forth the legal procedures required to secure a plaintiff's medical records and any related health care information.

**WHEREFORE** Plaintiff Mary Woessner prays for judgment over and against Defendant Home Depot U.S.A., Inc., by way of money damages for all causes of action pled, and for all injuries and damages allowed, provided for and permitted by the common law and statutory law of the State of Washington, in such an amount as shall be determined by the finder of fact under the evidence presented at trial, together with such other damages, to include plaintiff's costs and attorney's fees, pre- and post-judgment interest on all fixed and liquidated

COMPLAINT - 5

DRIGGS BILLS & DAY, PLLC
2125 Western Avenue, Suite 500
Seattle, WA 98121
(206) 607-9098 • FAX (206) 641-3214

damages where appropriate (e.g., past wage loss and fixed medical expenses), and such other and further relief as the court might deem to be just and equitable under the circumstances of the case at the time of trial herein, or post-trial.

DATED THIS February ___, 2022.

DRIGGS, BILLS & DAY PLLC

_____
Jason Murphy, WSBA # 50605
Attorney for Plaintiff