UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY WOESSNER,<br><br>    Plaintiff,<br><br> v.<br><br>HOME DEPOT USA, INC.,<br><br>    Defendant. | CASE NO. 2:22-cv-00275-JHC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

# I

## INTRODUCTION

This slip and fall negligence action arises out of injuries Plaintiff Mary Woessner allegedly sustained at one of Defendant Home Depot USA, Inc.'s stores. Dkt. # 1-1. Before the Court is Plaintiff's motion for partial summary judgment. Dkt. # 15. The Court has considered the parties' submissions in connection with the motion, the balance of the case file, and the applicable law. Being fully advised, for the reasons below, the Court GRANTS in part and DENIES in part Plaintiff's motion.

## II

### BACKGROUND

A.   The Incident

On December 20, 2020, at around 9:30 a.m., Plaintiff was shopping with her daughter, Lisa Woessner,[1] at a Home Depot store in Kent, Washington.  Dkt. # 15-1 at 31, 34, 111–12.  Plaintiff testified at her deposition as follows: She walked through a set of sliding doors leading to the store's outdoor garden center.  *Id.* at 40.  Once in the garden center, Plaintiff turned left to follow Lisa down an aisle.  *Id.* at 43.  As she walked toward Lisa, Plaintiff did not see any bird droppings, dirt, or other debris on the ground in front of her; the aisle was clear.  *Id.* at 43, 45.  She saw no birds or evidence of birds anywhere above her.  *Id.* at 43.  Lisa, who was ahead of Plaintiff, indicated for Plaintiff to turn around and head back down the same aisle from which she came.  *Id.* at 43–44.  Plaintiff turned around, walked a step or two, and then slipped and fell.  *Id.* at 39–40.  She said she does not know what caused her to fall: "I don't . . . know anything other than I was on the ground all of a sudden."  *Id.* at 48.  The photograph below, taken shortly after her fall, shows Plaintiff on the ground:



---

[1] For clarity, because Plaintiff and her daughter share the same last name, this order refers to Lisa Woessner by her first name.  The Court means no disrespect.

*Id.* at 104.  In a declaration, Lisa stated: "I did not realize what had caused [Plaintiff's] fall until I saw bird droppings under her and covering her clothing and hands."  Dkt. # 15-2 at 2.  Plaintiff provided a photograph showing the bottoms of the shoes Plaintiff was wearing when she fell:



Dkt. # 16 at 18.

At her deposition, Plaintiff stated that she did not remember seeing any warning signs upon entering or inside the garden center.  Dkt. # 15-1 at 40, 44.  Debbie Klavuhn, the assistant operations manager at the Home Depot in Kent, testified as a Rule 30(b)(b) witness on behalf of Home Depot.  Dkt. # 15-1 at 2, 121.  She testified that Plaintiff fell next to a post that displayed, at the time of the fall, a permanent sign warning of slippery floors.  *Id.* at 148; *see also* Dkt. # 18 at 1 (Klavuhn declaration stating that at the time of Plaintiff's fall, a permanent warning sign was placed next to where she fell).

Home Depot conducts a store safety inspection each morning, which includes ensuring that the aisles are clear of any slip hazards.  Dkt. # 15-1 at 153–56.  Klavuhn explained that Home Depot trains its employees to "isolate and correct" slip hazards whenever they encounter them.  *Id.* at 143–45.  On the date of Plaintiff's fall, Klavuhn said that she "walk[ed] the store"

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3

the morning before the incident, and that she noticed no bird droppings on the ground in the garden center. *Id.* at 148–49. Klavuhn cleaned due to bird droppings two or three times during her eight years of employment at Home Depot; she stated that other employees, who opened the store for the day, cleaned due to droppings more frequently. *Id.* at 121–22, 142. Klavuhn stated, when cleaning, she would first put out warning cones around the bird droppings. *Id.* at 141–42. She would wash and scrub the area, put out "wet slip" signs, and then remove the warnings once the area dried. *Id.* at 141–42.

When Plaintiff fell in December 2020, the presence of bird droppings in the garden center had been an ongoing problem for the Home Depot in Kent. *See id.* at 141 (Klavuhn said that, to her knowledge, the first work order relating to bird droppings was submitted in 2018); Dkt. # 19-1 at 2 (Home Depot work orders dating to 2018 requesting removal of bird droppings in the garden center). To solve this problem, the Home Depot in Kent implemented several strategies to deter the presence of birds in its garden center. *See* Dkt. # 17 at 2. In 2020, Home Depot submitted work orders to outside vendors, including Superior Facility Service Group, to: (1) remove bird carcasses; (2) power wash bird droppings; and (3) install scent dispensers and "Avian Block pouches" to deter birds from perching, among other bird mitigation strategies. *Id.*

Plaintiff has retained Levi Dixon, a human factors engineer with over a decade of experience in "safety and risk management," as an expert witness to evaluate Plaintiff's fall and Home Depot's conduct before this incident. Dkt. # 15-4 at 1, 9–18. Mr. Dixon drafted a report based on surveillance video, photographs, discovery responses, and deposition testimony. *Id.* at 9–10. Mr. Dixon opined that:

1. The accumulation of bird droppings on the walkway created a hazardous condition for anyone walking in the general area.
2. Prior to [Plaintiff's] incident, Home Depot was aware that bird droppings were routinely contaminating the walkway in the general area of this incident, thereby creating a hazardous condition for anyone walking in the general area.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4

> 3. Despite appreciating that the walkway was routinely becoming contaminated with bird droppings, Home Depot failed to implement safety measures to effectively mitigate/minimize the hazard, much less even warn customers of the hazard.

*Id.* at 11.

B.    Medical Treatment and Expenses

Plaintiff has also retained David E. Spanier, MD, a board-certified physician, as an expert witness to assess Plaintiff's medical treatment and associated expenses. Dkt. # 15-3 at 1–2, 4. Dr. Spanier drafted a report based on an interview and examination of Plaintiff and his review of her medical records, including billing records. *Id.* at 12. Dr. Spanier opined that Plaintiff's "right proximal femur fracture, left intra-articular distal radius fracture, and left non-displaced scaphoid fracture are all causally related to the subject collision on a more probable than not basis." *Id.* at 18. Dr. Spanier identified the following medical treatments for Plaintiff's injuries related to her fall:

> Transportation by Tri-Med Ambulance.
> Evaluation and treatment at Valley Medical Center, including all imaging.
> Transportation by Falck.
> Evaluation and treatment at Overlake Medical Center[,] including all imaging and surgery.
> Evaluation and treatment by Jeremy Chan, MD.
> Evaluation and treatment by Thomas Stoll, MD.
> Evaluation and treatment at Kaiser Permanente as they pertain to [Plaintiff's] subject fall related injuries.

*Id.* at 19. In Dr. Spanier's opinion, "all of the evaluation and treatment that [Plaintiff] received for her subject fall related injuries [were] reasonable, medically necessary, and causally related to the subject fall on a more probable than not basis." *Id.* Dr. Spanier identified these expenses that Plaintiff incurred based on the above medical treatments:

| | |
|---|---|
| Apria Healthcare | $138.50 |
| Associated Emergency Physicians | $1,142.00 |
| Falck Northwest | $2,582.80 |
| Kaiser Permanente | $12,115.34 |

| | |
|---|---|
| Matrix Anesthesia | $2,550.00 |
| Overlake Hospital Medical Center | $76,784.71 |
| Radia, Inc. | $255.60 |
| TriMed Ambulance | $1,035.20 |
| Valley Medical Center | $8,180.30 |
| Vantage Radiology | $118.70 |
| Total | $104.903.15 |

*Id.* at 2.

As for the reasonableness of these medical expenses, Dr. Spanier stated that: (1) he has experience evaluating the reasonableness of medical expenses both as an expert witness, having worked on "hundreds of cases," and as a Washington-based physician over the last twenty years for his patients; (2) it is his medical opinion that the charges Plaintiff incurred for her injury-related symptoms and diagnoses were "causally related to [her slip and fall] on a more probable than not basis" and were "within the standard of care for such injuries and diagnoses" in Washington; and (3) based on his review of her medical expenses, he opined that the summarized expenses, totaling $104,903.15, represented reasonable charges for necessary medical treatment Plaintiff received related to her fall. *Id.* at 2, 21.

C.  Procedural History

This action was originally filed in state court, and Home Depot removed to this Court based on diversity jurisdiction. Dkts. ## 1, 1-1. Plaintiff brings one cause of action against Home Depot: negligence. Dkt. # 1-1 at 3. Home Depot's answer sets forth 11 affirmative defenses. Dkt. # 5 at 4–5. Plaintiff now moves for partial summary judgment on: (1) each element of her negligence claim; (2) the permanence of her injuries; (3) the necessity of her medical treatment and the reasonableness of her medical expenses; and (4) Home Depot's first eight affirmative defenses. Dkt. # 15 at 1, 16–17.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6

# III

# DISCUSSION

A.     Summary Judgment Standard

Summary judgment is proper only if the evidence, when viewed in the light most favorable to the nonmovant, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it might affect the case's outcome. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmovant. *Id.* The movant bears the initial burden of showing that there is no genuine issue of material fact and that they are entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. Once the movant has met its burden, the nonmovant must show that there is a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing to establish the existence of an element essential to that party's case, and on which they will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23. There is no issue for trial unless there is sufficient evidence favoring the nonmovant. *Anderson*, 477 U.S. at 249. Courts must "view the facts and draw reasonable inferences in the light most favorable to the [nonmovant]." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

B.     Negligence

The parties do not dispute that Washington law governs this diversity action.[2] In Washington, "[a] cause of action for negligence requires the plaintiff to establish (1) the

---

[2] "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural rules." *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 554 (9th Cir. 2015). This Court applies Washington law as it believes the Washington State Supreme Court would apply it.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7

existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury." *Johnson v. Liquor & Cannabis Bd.*, 197 Wash. 2d 605, 611, 486 P.3d 125 (2021) (quoting *Tincani v. Inland Empire Zoological Soc'y*, 124 Wash. 2d 121, 127–28, 875 P.2d 621 (1994)). "Negligence is generally a question of fact for the jury, and should be decided as a matter of law only 'in the clearest of cases and when reasonable minds could not have differed in their interpretation' of the facts." *Bodin v. City of Stanwood*, 130 Wash. 2d 726, 741, 927 P.2d 240 (1996) (quoting *Young v. Caravan Corp.*, 99 Wash. 2d 655, 661, 663 P.2d 834 (1983)). Home Depot contends there are genuine issues of material fact as to whether Home Depot breached its duty and whether this breach was a proximate cause of Plaintiff's injuries. Dkt. # 16 at 12.

1.  Duty

"Existence of a duty is a question of law." *Vargas v. Inland Washington, LLC*, 194 Wash. 2d 720, 730, 452 P.3d 1205 (2019) (quoting *Hertog v. City of Seattle*, 138 Wash. 2d 265, 275, 979 P.2d 400 (1999)). According to premises liability theory, "the duty of care landowners owe to persons entering upon their land is governed by whether the person is a trespasser, a licensee, or an invitee." *Van Dinter v. City of Kennewick*, 121 Wash. 2d 38, 41, 846 P.2d 522 (1993). The parties do not dispute Plaintiff's status as a business invitee while she was shopping at the Home Depot store. Dkt. # 15 at 10–11; Dkt. # 16 at 12. A business invitee is "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Restatement (Second) of Torts § 332 (Am. L. Inst. 1965). *See id.* cmt. a (business invitees include "customers in shops"); *see also Beebe v.*

---

*See Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). Without case law from the state's high court, the Court determines how Washington's high court would rule using intermediate appellate court decisions. *Id.*

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8

*Moses*, 113 Wash. App. 464, 467, 54 P.3d 188 (2002) ("Washington has adopted the definition of an invitee in the Restatement (Second) of Torts § 332.").

For invitees, the Washington Supreme Court has often applied the set of duties set forth in the Restatement (Second) of Torts § 343:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*Johnson*, 197 Wash. 2d at 612 (quoting Restatement (Second) of Torts § 343).  *See, e.g.*, *Tincani*, 124 Wash. 2d at 138–39 (landowners owe invitees the set of duties stated in Restatement (Second) of Torts § 343); *Wiltse v. Albertson's Inc.*, 116 Wash. 2d 452, 457–58, 805 P.2d 793 (1991) (same).  An invitee "is . . . entitled to expect that the possessor will exercise reasonable care to make the land safe for [their] entry." Restatement (Second) of Torts § 343, cmt. b.

Ergo, Home Depot owed Plaintiff a duty to exercise reasonable care to protect Plaintiff from an unreasonable risk of harm, subject to the elements set out in Section 343 of the Restatement of Torts.  The parties do not dispute this.  Dkt. # 15 at 10–11; Dkt. # 16 at 12–15.

2.  Breach

Breach is generally an issue for the trier of fact, but courts may resolve the question of a defendant's breach as a matter of law "if reasonable minds could not differ." *Vargas*, 194 Wash. 2d at 730 (quoting *Hertog*, 138 Wash. 2d at 275).

First, in viewing the evidence in the light most favorable to Home Depot, Plaintiff has not established that the presence of bird droppings in the garden center presented an unreasonable risk of harm.  "Determining whether an unreasonably dangerous condition existed is not automatic.  This is especially true in slip and fall cases." *Johnson*, 197 Wash. 2d at 619.  "It is

well established in the decisional law of this state that something more than a slip and a fall is required to establish . . . the existence of a dangerous condition." *Id.* (quoting *Brant v. Mkt. Basket Stores, Inc.*, 72 Wash. 2d 446, 448, 433 P.2d 863 (1967)). *See id.* (explaining that a plaintiff may not establish the existence of a dangerous condition by proving that they slipped and fell on a wet floor).

Plaintiff submits evidence that bird droppings were present in the aisle where Plaintiff fell. There is no evidence on when the bird droppings appeared, whether they were wet, or how slippery bird droppings (wet or dry) are in general. Plaintiff relies on Mr. Dixon's opinion that "[t]he accumulation of bird droppings on the walkway created a hazardous condition." Dkt. # 15-4 at 11. But Mr. Dixon did not "perform an inspection to measure the slip resistance of the walkway when contaminated as it was at the time of Ms. Woessner's fall." *Id.* at 12. Viewing the evidence and reasonable inferences therefrom in the light most favorable to Home Depot, Plaintiff does not establish breach as a matter of law.

Second, there is an issue of material fact as to whether Home Depot failed to exercise reasonable care to protect Plaintiff from any danger posed by bird droppings. Reasonable care requires landowners to inspect for dangerous conditions, "followed by such repair, safeguards, or warning as may be reasonably necessary for [an invitee's] protection under the circumstances." Restatement (Second) of Torts § 343, cmt. b. Plaintiff testified that she does not remember seeing warning signs inside the garden center. Dkt. # 15-1 at 44. But Klavuhn, the assistant operations manager, stated that there were such signs. *See* Dkt. # 15-1 at 148 (there were permanent warning signs "on the post next to where [Plaintiff] fell"). Home Depot had also issued policies in its stores for eliminating slip hazards. *See* Dkt. # 15-1 at 153–56 (daily safety inspections); *see also supra* Section II (describing employee training and practices to "isolate and correct" slip hazards). As for Home Depot's attempts to "repair" the dangerous condition,

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 10

Restatement (Second) of Torts § 343, cmt. b., it employed a variety of bird mitigation techniques before Plaintiff's fall. *See* Dkt. # 17 at 2 (describing the 13 work orders submitted in 2020 about the presence of birds in the garden center). Again, viewing the evidence and reasonable inferences therefrom in the light most favorable to Defendant, there is an issue of fact as to whether Home Depot breached its duty of care. Thus, the Court denies Plaintiff's motion on the element of breach.

   3.  Proximate cause

Proximate cause consists of cause in fact and legal cause. *N.L. v. Bethel Sch. Dist.*, 186 Wash. 2d 422, 437, 378 P.3d 162 (2016). "Cause in fact refers to the 'but for' consequences of an act—the physical connection between an act and an injury." *Id.* (quoting *Hartley v. State*, 103 Wash. 2d 768, 778, 698 P.2d 77 (1985)). Legal cause "is grounded in policy determinations as to how far the consequences of a defendant's acts should extend." *Crowe v. Gaston*, 134 Wash. 2d 509, 518, 951 P.2d 1118 (1998).

Cause in fact "is normally a question for the jury." *N.L.*, 186 Wash. 2d at 437. *See, e.g.*, *Behla v. R.J. Jung, LLC*, 11 Wash. App. 2d 329, 347–48, 453 P.3d 729 (2019) (reversing summary judgment dismissal of negligence suit because question of cause in fact was for the jury); *Shah v. Allstate Ins. Co.*, 130 Wash. App. 74, 81, 121 P.3d 1204 (2005) (reversing erroneous dismissal of negligence claim because proximate cause question was for the jury). Courts "may decide cause in fact as a matter of law . . . if the facts and inferences from them are plain and not subject to reasonable doubt or difference of opinion." *Behla*, 11 Wash. App. 2d at 347. *See Beard v. Mighty Lift, Inc.*, 224 F. Supp. 3d 1131, 1136 (W.D. Wash. 2016) (noting that Washington courts "may determine proximate cause on summary judgment if reasonable minds could reach only one conclusion").

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 11

Here, an issue of material fact exists as to cause in fact. In viewing the evidence and reasonable inferences therefrom in the light most favorable to Home Depot, there is a question as to what caused Plaintiff to fall. At her deposition, Plaintiff stated that she did not know what caused her to fall. Dkt. # 15-1 at 48. Lisa assumed that Plaintiff slipped on bird droppings because once she fell, Lisa saw bird droppings under Plaintiff and on her clothing and hands. Dkt. # 15-2 at 2. Home Depot points to a photograph identified in Plaintiff's discovery disclosures showing the bottoms of the shoes Plaintiff was wearing when she fell. Dkt. # 16 at 18. Home Depot contends that the photo shows "a significant amount of what could be classified as dirt or mud" on the bottoms of her shoes, and that it is "just as likely that [Plaintiff] tripped and fell on dirt [or] mud as it is that she tripped on bird droppings." *Id.* Viewing this evidence and reasonable inferences therefrom in the light most favorable to Home Depot, an issue of facts exists as to cause in fact. Thus, the Court denies Plaintiff's motion on the element of proximate cause. *See Behla*, 11 Wash. App. at 347 (explaining that "[c]ause in fact usually presents a question for the trier of fact and is generally not susceptible to summary judgment").

    4.  Injury

Because Home Depot concedes that "Plaintiff's resulting injuries were caused by her fall" and that "the medical treatment Plaintiff received thereafter was related," the Court grants Plaintiff's motion on the injury element. Dkt. # 16 at 8.

C.  Damages

Plaintiff seeks an order establishing that (1) her injuries are permanent, and (2) that her medical treatment was necessary, and her medical expenses were reasonable. Dkt. # 15 at 1.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 12

1.      Permanence of injuries

In Washington, a plaintiff may recover for future medical expenses reasonably certain to be incurred. *Erdman v. Lower Yakima Valley, Washington Lodge No. 2112 of B.P.O.E.*, 41 Wash. App. 197, 208, 704 P.2d 150 (1985).

Plaintiff says that Home Depot does not contest her claim as to the permanence of her injuries. Dkt. # 15 at 20. But Home Depot does dispute that Plaintiff's injuries are permanent. *See* Dkt. # 16 at 8.

Also, Plaintiff fails to meet her burden at summary judgment in showing that any of her injuries are permanent. *Celotex*, 477 U.S. at 323. First, Plaintiff fails to specify which injuries are permanent. *See* Dkt. # 15 at 20. In his report, Dr. Spanier did not state that all of Plaintiff's injuries are permanent. *See* Dkt. 15-3 at 12–20. He identified that Plaintiff reports intermittent pain in her right hip, right knee, and left wrist, and he described how Plaintiff mitigates her symptoms. *Id.* at 16. As for Plaintiff's left wrist, Dr. Spanier opined: "I anticipate she will have ongoing symptoms in the left wrist for the rest of her life." *Id.* at 20. He does not explain which symptoms he anticipates will endure, nor whether his medical opinion is that Plaintiff has a permanent wrist injury on a more probable than not basis. *See id.* Based on Plaintiff's evidence, the Court cannot conclude that any of her injuries are permanent as a matter of law. The Court therefore denies Plaintiff's motion as to the permanence of her injuries.

2.      Medical treatment and expenses

In Washington, a plaintiff may recover only reasonable medical expenses based on necessary medical treatment. *See Palmer v. Jensen*, 132 Wash. 2d 193, 199, 937 P.2d 597 (1997). The plaintiff bears the burden of proving their medical treatment was necessary and the expenses incurred were reasonable. *Patterson v. Horton*, 84 Wash. App. 531, 543, 929 P.2d 1125 (1997). *See Hansen v. Rothaus*, 107 Wash. 2d 468, 477, 730 P.2d 662 (1986) ("It is not

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 13

enough that the medical bills be paid, the amounts must be reasonable."). Medical bills can be offered as proof of past medical expenses, but they are not sufficient on their own to establish that such care was reasonable and necessary. *Patterson*, 84 Wash. App. at 543. Additional evidence about the reasonableness of medical costs "may come from any witness who evidences sufficient knowledge and experience respecting the type of service rendered and the reasonable value thereof." *Kennedy v. Monroe*, 15 Wash. App. 39, 49, 547 P.2d 899 (1976). If a plaintiff presents enough evidence establishing the reasonableness and necessity of their medical treatment and expenses, and the defendant submits "no evidence to call the treatment into question," the reasonableness and necessity of the plaintiff's medical care are not a matter of legitimate dispute. *Palmer*, 132 Wash. 2d at 199–201. *See Ide v. Stoltenow*, 47 Wash. 2d 847, 851, 289 P.2d 1007 (1955) (explaining that for medical expenses, the trial court may "accept as established" damages that are "conceded," "undisputed, and beyond legitimate controversy").

Plaintiff has submitted evidence that Dr. Spanier has familiarity with and understanding of the medical treatment provided to Plaintiff, as well as the expenses incurred because of her care. Dr. Spanier opined that her medical treatment was "medically necessary" and "causally related to the subject fall on a more probable than not basis." Dkt. # 15-3 at 19. He also opined that the medical expenses were reasonable: "[I]t is my medical opinion that the charges [Plaintiff] incurred for the related treatments are reasonable and fall well within the standard of care for such injuries and diagnoses in our community and the state of Washington." *Id.* at 2.

In its response, Home Depot submits no evidence and provides no argument on the necessity and reasonableness of Plaintiff's medical care. As there is no dispute about Plaintiff's necessary treatment and reasonable expenses, the Court grants Plaintiff's motion on the necessity and reasonableness of Plaintiff's medical care.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 14

D.     Affirmative Defenses

Plaintiff contends that Home Depot's first eight affirmative defenses lack merit as a matter of law. Dkt. # 15 at 16–18. Home Depot does not oppose Plaintiff's motion as to affirmative defenses 1, 2, and 7. Dkt. # 16 at 19. The Court therefore addresses only affirmative defenses 3, 4, 5, 6, and 8. Home Depot bears the burden of establishing its affirmative defenses. *See Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir. 1981) ("[T]he burden is always on the party advancing an affirmative defense to establish its validity."). Because Home Depot bears the burden of proof on its affirmative defenses, Plaintiff can meet her burden at summary judgment by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

1.    Affirmative defenses 3, 4: Rule 19 joinder and superseding or intervening causes

Home Depot's third affirmative defense states: "Plaintiff may have failed to join a necessary party under Fed. R. Civ. P. 19." Dkt. # 5 at 4. Home Depot's fourth affirmative defense says: "The action should be dismissed to the extent Plaintiff's alleged damages, if any, resulted from superseding intervening acts or omissions of other persons and/or entities over which Home Depot had no responsibility or control." *Id.* Home Depot mentions neither affirmative defense in its response. *See* Dkt. # 16 at 19–22.

A party waives or abandons an argument at the summary judgment stage if it provides no argument in support of its position. *See, e.g.*, *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (a party "failed to develop any argument on this front, and thus has waived it"); *United States v. George*, 291 F. App'x 803, 805 (9th Cir. 2008) (a party's "failure to adequately develop . . . arguments in [their] brief operates as a waiver"); *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) (holding an argument "to have been abandoned" when the

party failed to "coherently develop[ ]" it in their briefs).  Home Depot has waived its third and fourth affirmative defenses.

      2.      Affirmative defense 5: Contributory negligence

Home Depot's fifth affirmative defenses states: "Plaintiff's action should be dismissed because Plaintiff's alleged damages may have resulted from alleged acts or omissions by other persons and entities for which Home Depot had no responsibility or control, including Plaintiff, and fault should be apportioned accordingly."  Dkt. # 5 at 4.  For this affirmative defense, Home Depot suggests that Plaintiff's own negligence contributed to her fall.  See Dkt. # 16 at 19–20.

Under Washington's contributory fault regime, "any contributory fault chargeable to the claimant diminishes proportionately the amount of compensatory damages for an injury attributable to the claimant's contributory fault."  Revised Code of Washington (RCW) 4.22.005.  Contributory negligence[3] and failure to mitigate damages are theories of contributory fault.  RCW 4.22.015 (defining "fault" as "acts or omissions . . . that are in any measure negligent or reckless toward the person or property of the actor or others," including an "unreasonable failure to avoid an injury or to mitigate damages").  See *Jaeger v. Cleaver Const., Inc.*, 148 Wash. App. 698, 712–13, 201 P.3d 1028 (2009) ("Two theories of contributory fault are at issue: (1) that the [plaintiffs] negligently caused their own damages and (2) that the [plaintiffs] failed to mitigate those damages.").

In evaluating a plaintiff's contributory negligence, "the inquiry is whether or not [the plaintiff] exercised that reasonable care for [their] own safety which a reasonable

---

[3] While Home Depot refers to "comparative negligence" and "comparative fault" in its response, see Dkt. # 16 at 9–10, 20, 23, these concepts are more correctly termed "contributory negligence" and "contributory fault."  See David DeWolf & Keller Allen, *Washington Practice: Tort Law and Practice* § 9.2 (5th ed.) (explaining that the Washington legislature replaced the former "comparative negligence" statute with the "contributory fault" statute, see RCW 4.22.005, in 1981, and that contributory negligence is one aspect of contributory fault).

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 16

[person] would have used under the existing facts and circumstances, and, if not, was [their] conduct a legally contributing cause of [their] injury." *Dunnington v. Virginia Mason Med. Ctr.*, 187 Wash. 2d 629, 637–38, 389 P.3d 498 (2017) (internal quotations and citation omitted). Whether there has been contributory negligence "is a jury question unless the facts are such that all reasonable persons must draw the same conclusion from them, in which event the question is one of law for the courts." *Hough v. Ballard*, 108 Wash. App. 272, 279, 31 P.3d 6 (2001).

There is an issue of fact as to contributory negligence. In viewing the evidence and reasonable inference therefrom in the light most favorable to Home Depot, a jury could reasonably conclude that Plaintiff failed to exercise reasonable care for at least two reasons. First, there is an issue as to whether Plaintiff, in the exercise of reasonable care, should have paid sufficient attention to her surroundings to see the warning signs in the garden center that Home Depot contends were posted at the time of her fall. *See Case v. Peterson*, 17 Wash. 2d 523, 528, 136 P.2d 192 (1943) ("The only evidence in the record which the jury had to consider as bearing on the question of contributory negligence was that warning signs were hanging on the wire at certain places, and that the respondent either saw or, by the exercise of ordinary care, should have seen them and avoided the wire."). Second, there is an issue as to whether Plaintiff, in the exercise of reasonable care, should have noticed the bird droppings on the ground when first walking down the aisle and then avoided them from that point forward. The Court thus denies Plaintiff's motion as to Home Depot's fifth affirmative defense concerning Plaintiff's contributory negligence.

3. Affirmative defense 6: Failure to mitigate damages

Home Depot's sixth affirmative defense states: "Plaintiff may have failed to mitigate her damages." Dkt. # 5 at 4. In support of this affirmative defense, Home Depot says that Plaintiff declined to seek more treatment at her final medical appointment. Dkt. # 16 at 22. The evidence Home Depot offers is a declaration drafted by its attorney stating: "I have reviewed Plaintiff's medical records relating to the subject incident, including that from her July 12, 2021 visit to Alison Chromy, PA-C. Plaintiff declined to pursue any additional treatment." Dkt. # 17 at 3.

The doctrine of mitigation of damages prevents an injured party from recovering damages that could have been avoided if the injured party had taken reasonable efforts after sustaining their injuries. *Cobb v. Snohomish Cnty.*, 86 Wash. App. 223, 230, 935 P.2d 1384 (1997); *Bernsen v. Big Bend Elec. Coop.*, 68 Wash. App. 427, 433, 842 P.2d 1047 (1993). "A person who has been injured by another's wrongdoing is given wide latitude and is only required to act reasonably in mitigating her damages." *TransAlta Centralia Generation LLC v. Sicklesteel Cranes, Inc.*, 134 Wash. App. 819, 826, 142 P.3d 209 (2006).

Plaintiff requests compensation for future "physical pain and suffering," "loss of enjoyment of life," and "permanenc[e] of injury." Dkt. # 1-1 at 4. But Home Depot submits no evidence that Plaintiff's alleged decision not to pursue additional treatment affects her future physical pain and suffering, loss of enjoyment of life, and permanence of injuries. Home Depot also offers no context surrounding Plaintiff's decision to forego treatment, such as whether future medical care would improve any of her injuries. *See Cox v. Keg Restaurants U.S., Inc.*, 86 Wash. App. 239, 244, 935 P.2d 1377 (1997) (holding that "it is not unreasonable for a plaintiff to refuse treatment that offers only a possibility of relief"). Plaintiff need only "act reasonably in mitigating her damages," and Home Depot has not offered evidence that her decision was unreasonable. *TransAlta*, 134 Wash. App. at 826. Home Depot does not raise a genuine issue of

material fact as to Plaintiff's failure to mitigate damages. The Court therefore grants Plaintiff's motion as to Home Depot's sixth affirmative defense.

    4.      Affirmative defense 8: Actions or negligence of nonparties

Home Depot's eighth affirmative defenses states: "Plaintiff's injuries or damages, if any, may have been proximately caused in whole or in part by the actions and/or negligence of other non-parties, other third-parties, and/or unknown or unnamed persons or entities." Dkt. # 5 at 4. Home Depot contends that the jury should be able to reduce Home Depot's percentage of fault based on Superior's actions or negligence. *See* Dkt. # 16 at 20–21. Home Depot relies on evidence that it hired Superior to help eliminate the presence of birds. *See* Dkt. # 17 at 2 (describing Home Depot's work orders from 2020). But Home Depot presents no evidence that Superior's actions or negligence contributed to Plaintiff's injuries. Because there is insufficient evidence, the Court grants Plaintiff's motion as to Home Depot's eighth affirmative defense. *See Celotex*, 477 U.S. at 325 (plaintiffs can meet their burden at summary judgment by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case").

## IV
### Conclusion

Based on the above, the Court ORDERS as follows:

    1.      The Court GRANTS in part and DENIES in part Plaintiff's motion for partial summary judgment. Dkt. # 15.

    2.      For the negligence claim, the Court GRANTS Plaintiff's motion as to the duty and injury elements.

    3.      For the negligence claim, the Court DENIES Plaintiff's motion as to the breach and proximate cause elements.

    4.      The Court DENIES Plaintiff's motion as to the permanence of Plaintiff's injuries.

5. The Court GRANTS Plaintiff's motion as to the necessity of Plaintiff's medical treatment and the reasonableness of her medical expenses. The medical treatment Dr. Spanier identified was necessary, and the $104,903.15 of medical expenses Plaintiff incurred were reasonable. *See* Dkt. # 15-3 at 2, 8.

6. The Court GRANTS Plaintiff's motion on Home Depot's affirmative defenses 1, 2, 3, 4, 6, 7, and 8. The Court STRIKES these seven affirmative defenses.

7. The Court DENIES Plaintiff's motion on Home Depot's fifth affirmative defense.

Dated this 5th day of May, 2023.

John H. Chun
United States District Judge

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 20